UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JOEL COUTOU

                        Plaintiff

DKT # 24-CV-05813

COMPLAINT

Plaintiff Demands Trial By Jury

    -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, 1-5

                        Defendants

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action for damages brought pursuant to Section 42 US 1983 to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, and each of them, upon information and belief, without a warrant and without probable cause, unlawfully assaulted and severely injured the plaintiff. He suffered.

serious and severe physical and psylogical injuries, the full nature and extent of which have yet to be determined. He was unlawfully arrested and jailed as well The plaintiff did not consent to this assault, and it was not otherwise privileged. By the filing of this complaint, the plaintiffs now alleges that the City of New York and the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State Law. In addition, the plaintiff invokes the pendant jurisdiction of this Court to assert claims arising under state law.

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Section 1983 & 1988 of Title 42 of the United States Code. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of assault and the intentional & negligent infliction of mental & emotional distress against the individual defendant police officers. These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of laws N.Y. Gen. Mun. Law Section 50-e (1) n (b).

4. The acts complained of do not stem from an isolated incident. They are part of a pattern of abuse by the New York City Police Department, its officers, and the City of

New York of false arrests and assaults on innocent civilians, particularly persons of color. The motivation for this misconduct includes, but is not limited to, the obtaining of overtime compensation associated with an arrest, the statistical needs of the NYPD, and other improper motives.

## PARTIES, STATEMENT OF FACTS & FIRST CAUSE OF ACTION

5. That at all times hereinafter mentioned, the plaintiff, JOEL COUTOU, was a resident of the County of Kings, City & State of New York.
6. Upon information and belief, the defendant THE CITY OF NEW YORK was and is a municipal corporation organized & existing under the laws of the City & State of New York.
7. That the defendant THE CITY OF NEW YORK operates, maintains and controls a police department under the laws of the City & State of New York
8. That POLICE OFFIUCER JOHN DOE 1-10 were and are agents, servants and employees of the City of New York.
9. That on or about the 11th day of March, 2023 that plaintiff was at or near East 45th Street, at its intersection with Church Avenue, County of Kings, City & State of New York.
10. That at the above time and place, the plaintiff was committing no crime and not acting in a suspicious manner.
11. That while present at the aforesaid time & place, the plaintiff was unlawfully and without just cause, approached, accosted & assaulted by the aforementioned officers of the NEW YORK CITY POLICE DEPARTMENT, who were agents, servants and employees of the defendant the CITY OF NEW YORK, who were acting under color

of law during the aforesaid transactions, including but not limited to POLICE OFFICER JOHN DOE 1-10.

12. That by reason of the foregoing, the plaintiff suffered serious & severe physical and psychological injuries, some of which, upon information and belief, are permanent in nature.

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

13. Plaintiff repeats & realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

14. In the manner as aforesaid, each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial and due process of law.

15. Defendants, their agents, servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law, did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 USC Sections 1983 & 1988 and by the statutes and laws of the state of New York which are involved under the pendant jurisdiction of this Court.

16. That by reason of the foregoing the plaintiff has suffered damage and injure in the sum of FIVE MILLION DOLLARS.

## AS AND FOR A THIRD CLAIM AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED DEFENDANTS

17. Plaintiff repeats the foregoing allegations.

18. That at all times herein mentioned, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

19. Despite the plaintiff's innocence, the defendants assaulted him and/or failed to intervene to prevent said assault.

20. The defendant's actions in making false allegations against the plaintiff, in injuring him, in assaulting him, amounts to conduct intolerable in a civilized society which has cause the plaintiff emotional distress.

21. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental & emotional distress, as set forth above.

## AS AND FOR A FOURTH CLAIM AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED DEFENDANTS

22. Plaintiff repeats the foregoing allegations.

23. That at all times herein mentioned, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

24. Despite the plaintiff's innocence, the defendants assaulted him and/or failed to intervene to prevent said assault.

25. The defendant's actions in making false allegations against the plaintiff, in injuring him, in assaulting him, amounts to conduct intolerable in a civilized society which has cause the plaintiff emotional distress.

26. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental & emotional distress, as set forth above.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF THE PLAINTIFF

27. Plaintiff repeats the foregoing allegations as if mor fully set forth herein.

28. That the defendant THE CITY OF NEW YORK is a "person" within the meaning of 42 USC Section 1983.

29. That the defendant THE CITY OF NEW YORK, through a policy, practice or custom, directly caused the Constitutional violations suffered by the plaintiff.

30. Upon information and belief, the defendant THE CITY OF NEW YORK, at all relevant times, was aware that the defendants and other members of the NYPD, were lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct, and/or have been poorly trained, supervised and disciplined.

31. A number of members of the NEW YORK CITY POLICE DEPARTMENT have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

32. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

33. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in a federal prison.

34. In *Colon v the City of New York*, 09-cv-9 the federal court stated that "an informal inquiry by this Court and among the judges of this Court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD. "\

35. There has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by many lawsuits brought by persons of color. The actions include but are not limited to the following brought in the US District Courts for the Eastern & Southern Districts of New York. *Boy, et al v NYC* 09-cv-03595. *Strong v NYC*, 10-cv-01602, *Brown v NYC*, 11-cv- 05281, *Rhone v NYC*, 12-cv-00747, *Goodwin v NYC*, 04-cv-01482, *Weston v NYC*,12-cv-00747. *Lawrence v the City of New York*, 11-cv-05066, *Coleman v NYC*. 11cv2574. *Bennett v NYC*. 11-cv-1929, *Bunch v NYC* 10-cv-5731.

36. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiff by failing to take remedial action. The City of New York failed to properly train, retain, supervise, discipline and monitor the defendants and other Members of the Service guilty of similar abuses.

37. The City of New York's failure to act resulted in a violation of the plaintiff's constitutional rights.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times mentioned herein, the defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline employees and police officers, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individually named defendants. The policies, practices,

customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 USC Section 1983 and the US Constitution, including its Fourth & Fourteenth Amendments.

40. By reason of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain & suffering, great humiliation, costs and expenses and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the Court for judgement upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair.
b. Punitive and exemplary damages in an amount which the Court shall consider to be just and fair.
c. Attorney's fees in an amount which this Court shall consider just and fair:
d. Such other, further & different relief as may seem just and proper in the premises,

DATED: Brooklyn, NY

August 20, 2024.

                                              This is an electronic signature.

                                              -------------/s/ --------------------

                                              MICHAEL COLIHAN (MC-0826)

                                              Attorney for the Plaintiff

                                              44 Court Street Suite 906

                                              Brooklyn, NY 11201

                                              (347) 742 5045

                                              michaelcolihan@aol.com