UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
JOEL COUTOU,

              Plaintiff(s),              Index No.: 1:24-CV-05813-RER-TAM

    -against-                           **Second Amended-
                                                Supplemental Complaint**

THE CITY OF NEW YORK, POLICE OFFICER JOHN
DOEs l-5 and POLICE OFFICER GABRIEL A. FULLER,
Shield #2814,

              Defendant(s).

       **TAKE NOTICE**, that plaintiff, JOEL COUTOU, by attorneys, *KAPLAN & KAPLAN, ESQS.,* complaining of the defendants, respectfully alleges, upon information and belief, as follows:

Preliminary Statement

    1.    This is a civil action for damages for violation of civil rights under the Constitution and laws of the United States and the State of New York, false arrest, malicious prosecution, malicious abuse of process, deprivation of the right to a fair trial, municipal liability, assault and battery and excess force, negligent hiring, retention, training, and supervision, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Jurisdiction

    2.    The jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983-1988 of Title 42 of the United States Code.

    3.    The supplemental jurisdiction of this Court is invoked pursuant to 28 USC Section 1367 to hear and decide plaintiff's New York State Law claims of assault and intentional and negligent infliction of mental and emotional distress against the individual defendant police officers, which form part of the same case and controversy as plaintiff's Federal claims.

Jury Demand

    4.    Plaintiff hereby demands trial by jury.

Parties

    5.    That, at all times herein mentioned, plaintiff was a resident of the County of Kings, City and State of New York.

6. That, at all times herein mentioned, plaintiff was and is a citizen of the United States of America, entitled to the full protection of the laws and the Constitution of the United States of America.

7. That, at all times herein mentioned, plaintiff was and is a citizen of the State of New York, entitled to the full protection of the laws and the Constitution of the State of New York.

8. That at all times hereinafter mentioned the defendant, CITY OF NEW YORK (hereinafter "CITY") was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That, at all times herein mentioned, the Police Department Of The City Of New York (hereinafter "NYPD") was, and still is a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant CITY.

10. That, at all times herein mentioned, NYPD was and still is a sub-division of defendant CITY.

11. That, this action was commenced within one (1) year from the date of the dismissal.

12. That, at all times herein mentioned, defendants POLICE OFFICER JOHN DOEs l-5 (names being unknown and intended to be the police officers involved in plaintiff's arrest and assault were sworn law enforcement officers/agents of the defendant CITY, were acting under the supervision of the NYPD, and were acting according to official duties.

13. That, at all times herein mentioned, defendant POLICE OFFICER GABRIEL A. FULLER, Shield #2814 was a sworn law enforcement officer/agent of defendant CITY, was acting under the supervision of the NYPD, and was acting according to official duties.

14. That, each and all of the acts of defendant officers alleged herein were done while acting within the scope of their employment by defendant CITY.

15. That, at all times herein mentioned, the defendants, their agent(s) /servant(s) /employee(s)/ police officer(s), were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of defendant CITY and the NYPD.

Factum

16. That on or about the November 3rd, 2023, plaintiff was at or near East 45th Street, at its intersection with Church Avenue, County of Kings, City & State of New York.

17. That at all times herein mentioned, plaintiff was committing no crime and was not acting in a suspicious manner.

18. That while present at the aforesaid time and place, plaintiff was unlawfully approached, assaulted, detained, and arrested by the aforementioned defendant officers, all without just or probable cause.

19. That, by reason of the aforesaid, defendants, by their agents/servants/employees/police officers, did place plaintiff in imminent fear of bodily safety and for his life.

20. That, by reason of the aforesaid, defendants, by their agents/servants/employees/police officers, did assault, batter, and use excessive and unnecessary force in detaining and arresting plaintiff.

21. That plaintiff required and received medical attention at the Emergency Room at Downstate Medical Center for injuries sustained as a result of defendants' above-detailed assault, battery, and use of excessive force.

22. That defendants, by their agents/servants/employees/police officers, did assault, batter, restrain, falsely arrest and imprison plaintiff, all without probable cause or justification.

23. That defendant CITY and the NYPD, its/their agents/servants/employees/police officers, did negligently hire, retain, train, and supervise defendant police officers.

24. That defendant CITY, its agents/servants/employees/police officers, did wrongfully and maliciously charge and prosecute plaintiff, all without just or probable cause.

25. That defendant CITY, its agents/servants/employees/police officers, did wrongfully and maliciously abuse legal process against plaintiff.

26. That defendant CITY, its agents/servants/employees/police officers, did wrongfully deny plaintiff his Constitutional right to a fair trial.

27. That defendant CITY, its agents/servants/employees/police officers, did engage in a pattern and practice of wrongfully denying citizens of the United States and the State of New York, including plaintiff herein, there Constitutional and civil rights.

28. That all charges against plaintiff were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

29. That, plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

30. That, all of the aforementioned acts of defendants were carried out under the color of law, while defendant law enforcement officers were wearing law enforcement badges and official uniforms.

31. That, all of the aforementioned acts of the defendants, their agents/servants/employees/police officers, deprived plaintiff of rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

32. That, the acts complained of herein were carried out by defendants, their agents/servants/employees/police officers in their capacities as duly sworn law enforcement officers, with all the actual and/or apparent authority attendant thereto.

33. That, the acts complained of herein were carried out by the aforementioned defendant agents/servants/employees/police offices in their capacities as law enforcement officer agents, pursuant to the customs, usages, practices, procedures, and rules of the defendants, and under the supervision of ranking officers and/or officials.

34. That, defendants, collectively and individually, while acting under color of state law, engaged in conduct, which constituted defendants' customs, usages, practices, procedures or rules, in violation of the Constitution of the United States.

35. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety, and was humiliated, without permission, consent, probable cause, authority or privilege.

36. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents/servants/employees/police officers in the operation, management, maintenance, supervision and control of said police department, and negligent hiring, retention, training and/or supervising of the defendants agents/servants/employees/police officers, without any culpable conduct on the part of the plaintiff herein.

37. As a result of the foregoing, plaintiff is entitled to judgement against defendants for damages for violation of civil rights in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendants commensurate therewith.

AS AND FOR A SECOND CAUSE OF ACTION
FALSE ARREST UNDER 42 U.S.C. SECTION 1983

38. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

39. As a result of defendant(s)' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined and incarcerated by the defendants, without probable cause, privilege or consent.

40. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

41. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

42. As a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for false arrest in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

### AS AND FOR A THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTION 1983

43. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

44. Defendants misrepresented and falsified evidence to the District Attorney and/or the Court and/or the Grand Jury.

45. Defendants did not make a complete and full statement of facts to the District Attorney and/or the Court and/or the Grand Jury.

46. Defendants withheld exculpatory evidence from the District Attorney and/or the Court and/or the Grand Jury.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff after defendant(s) knew, or should have known, that there was no cause, just, probable or otherwise, to continue same.

50. Defendants lacked probably cause to continue criminal proceedings against plaintiff.

51. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

52. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

53. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

54. As a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for malicious prosecution in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

## AS AND FOR A FOURTH CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. SECTION 1983

55. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

56. Defendants issued legal process to place plaintiff under arrest.

57. Defendants issued legal process and arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of legal process.

58. Defendants acted with intent to do harm to plaintiff, without excuse or justification.

59. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

60. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

61. As a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for malicious abuse of process in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

## AS AND FOR A FIFTH CAUSE OF ACTION
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. SECTION 1983

62. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

63. Defendants created and/or gave false and/or misleading and/or incomplete evidence against plaintiff.

64. Defendants provided false and/or misleading and/or incomplete evidence to prosecutors in the District/County Attorney's office, and/or the Court, and/or the Grand Jury.

65. Defendants misled the Grand Jury, and/or the prosecutors, and/or the Court, by creating/giving false and/or misleading and/or incomplete evidence against plaintiff.

66. Defendants thereafter provided false and/or misleading and/or incomplete testimony throughout the criminal proceedings.

67. Defendants violated plaintiff's Constitutional Right to a fair trial under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, in creating and/or giving false and/or misleading and/or incomplete evidence against plaintiff to prosecutors, and/or the Grand Jury, and/or the Court.

68. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

69. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

70. As a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for denial of the right to a fair trial in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

## AS AND FOR A SIXTH CAUSE OF ACTION
## MUNICIPAL LIABILITY

71. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

72. Defendants arrested, incarcerated, and prosecuted plaintiff despite the absence of any evidence of criminal wrongdoing.

73. Defendants arrested, incarcerated, and prosecuted plaintiff despite the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would deprive plaintiff of his liberty, well-being, safety and Civil and Constitutional Rights.

74. Defendants arrested, incarcerated, and prosecuted plaintiff despite being in possession of exculpatory evidence that demonstrated the innocence of plaintiff.

75. Defendants , incarcerated, and prosecuted plaintiff despite being in possession of exculpatory evidence that demonstrated the innocence of plaintiff, notwithstanding their knowledge that said arrest and incarceration would deprive plaintiff of his liberty, well-being, safety and Civil and Constitutional Rights.

76. The acts complained of herein were carried out by the aforementioned defendant law enforcement officer/agent in their capacities as law enforcement officers/agents and/or officials, with all the actual and/or apparent authority attendant thereto.

77. The acts complained of herein were carried out by the aforementioned defendant law enforcement officer/agent in their capacities as law enforcement officers/agents and/or officials, under color of law.

78. That, the acts complained of herein were carried out by the aforementioned defendant law enforcement officer(s)/agent(s) in their capacities as law enforcement officer(s)/agent(s) and/or official(s), pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, Police Department of the City of New York and the Kings County District Attorney, all under the supervision of ranking officer(s) of said Department.

79. The aforementioned customs, policies, usages, practices, procedures and rules include, but are not limited to, the following unconstitutional practices:

   a. fabricating evidence against innocent, erroneously arrested persons;
   b. arresting innocent, wrongfully apprehended persons and erroneously arresting them;
   c. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of criminal wrongdoing.

80. That, the existence of defendants' aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following Civil Rights actions filed against the City of New York:

- Jose Colon v. City of New York, et al., United States District Court, Eastern District of New York, 09 CV 08 (JBW);
- Julio Diaz v. City of New York, United States District Court, Southern District of New York, 08 CV 6399;
- Frank Douglas v. City of New York, United States District Court, Southern District of New York, 03 CV 6475;
- Darnell Flood v. City of New York, United States District Court, Southern District of New York, 03 CV 10313;
- Theodore Richardson v. City of New York, et al., United States District Court, Southern District of New York, 02 CV 3651;
- Phillip Stewart v. City of New York, United States District Court, Southern District of New York, 05 CV 2375;
- Benyamin Taylor v. City of New York, United States District Court, Southern District of New York, 01 CV 5750;
- Horace Taylor v. City of New York, United States District Court, Southern District of New York, 03 CV 6477;
- Angel Vasquez v. City of New York, United States District Court, Southern District of New York, 05 CV 3552;
- Alvin Williams v. City of New York, United States District Court, Southern District of New York, 05 CV 4013.

81. The foregoing customs, policies, usages, practices, procedures and rules constituted a deliberate indifference to the safety, well-being and Civil and Constitutional Rights of the general public, and specifically of plaintiff herein.

82. The foregoing customs, policies, usages, practices, procedures and rules were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

83. The foregoing customs, policies, usages, practices, procedures and rules were the moving force behind, and proximate cause of, the Constitutional violations suffered by plaintiff as alleged herein.

84. As a result of the foregoing customs, policies, usages, practices, procedures and rules, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, was falsely and maliciously prosecuted and subjected to abuse of process, without permission, consent, probable cause, authority or privilege.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the Civil and Constitutional Rights of plaintiff.

86. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate law enforcement officers/agents, and were directly responsible for the violation of plaintiff's Civil and Constitutional Rights.

87. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right

   a. To not be deprived of liberty without due process of law;
   b. To be free from seizure and arrest without probable cause;
   c. To be free from unwarranted and malicious criminal prosecution;
   d. To be free from cruel and unusual punishment; and
   e. To receive equal protection under the law.

88. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

89. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

90. That, as a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for municipal liability in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>
<u>ASSAULT, BATTERY, EXCESSIVE FORCE</u>

91. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

92. That, by reason of the foregoing, defendants, by their agents, servants, officers and/or employees did assault, batter, and used excessive and unnecessary force in detaining and arresting plaintiff.

93. That plaintiff required and received medical attention at the Emergency Room at Downstate Medical Center for injuries sustained as a result of defendants' above-detailed assault, battery, and use of excessive force.

94. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

95. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

96. As a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for assault, battery, and excessive force in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

AS AND FOR A EIGHTH CAUSE OF ACTION
NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

97. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

98. That, the foregoing was due to defendants' carelessness, negligence, negligent employment, negligent hiring, negligent retention, negligent supervision and negligent training of defendant officers, without any culpable conduct on the part of plaintiff herein.

99. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

100. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

101. That, as a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for negligent hiring, retention, training, and supervision in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

## AS AND FOR A NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

103. Despite the plaintiff's innocence, the defendants assaulted him and/or failed to intervene to prevent said assault.

104. The defendant's actions in making false allegations against the plaintiff, in injuring him, in assaulting him, amounts to conduct intolerable in a civilized society, which has cause the plaintiff emotional and psychological distress and injury.

105. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

106. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

107. That, as a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for intentional infliction of emotional distress and injury in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

## AS AND FOR A TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

108. That plaintiff repeats, reiterates and realleges each and every allegation contained in each and every preceding paragraph herein of this complaint, inclusive, with the same force and effect as though more fully set forth at length herein.

109. Despite the plaintiff's innocence, the defendants assaulted him and/or failed to intervene to prevent said assault.

110. The defendant's actions in making false allegations against the plaintiff, in injuring him, in assaulting him, amounts to conduct intolerable in a civilized society, which has cause the plaintiff emotional and psychological distress and injury.

111. That, as a result of the foregoing, plaintiff sustained, and continues to sustain, inter alia, loss of liberty, emotional distress, personal, psychological and bodily injuries, mental anguish, shock, fright, apprehension, severe humiliation and embarrassment, damage to her reputation and occupation, and deprivation of her Civil and Constitutional Rights, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for personal safety and was humiliated, without permission, consent, probable cause, authority or privilege.

112. That, the foregoing was due to the willfulness, unlawfulness, negligence and/or carelessness of the defendants, their agents, servants and/or employees in the operation, management, maintenance, supervision and control of said police department, and negligent hiring and/or retention of the aforesaid defendant law enforcement officers/agents, without any culpable conduct on the part of the plaintiff herein.

113. That, as a result of the foregoing, plaintiff is entitled judgement against defendant(s) for damages for negligent infliction of emotional distress and injury in a sum exceeding the monetary jurisdiction of all lower courts, individually and collectively, and demands judgment against defendant(s) commensurate with same.

WHEREFORE, plaintiff demands judgment against the defendant(s) in accordance with the above allegations and prays for relief commensurate therewith as follows:

1. On the FIRST CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
2. On the SECOND CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
3. On the THIRD CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
4. On the FOURTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
5. On the FIFTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
6. On the SIXTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
7. On the SEVENTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
8. On the EIGHTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
9. On the NINTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts
10. On the TENTH CAUSE OF ACTION in a sum exceeding the monetary jurisdiction of all lower Courts;
11. The costs and disbursements of this action, including reasonable and/or statutory attorneys' fees;
12. Together with such other and further relief as this Court deems, just, reasonable, proper, and equitable.

Dated: Brooklyn, New York
       January 28, 2025

Yours, etc.,
Kaplan & Kaplan

By_____
  Cary Hunter Kaplan
*Attorney for Plaintiff(s)*
44 Court Street-Suite 812
Brooklyn, New York 11201
(718) 596-8800
File No.: 90,244